UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA

                                    <u>ORDER ADOPTING REPORT &</u>
                                    <u>RECOMMENDATION</u>
          -against-                 05-CR-0494(JS)(WDW)

CHARLES DOHERTY,

                    Defendant.
----------------------------------X
APPEARANCES:
For Government      Burton T. Ryan , Jr., Esq.
                   United States Attorneys Office
                   610 Federal Plaza
                   Central Islip, NY 11722

For Defendant:     James Druker, Esq.
                   Kase & Druker, Esqs.
                   1325 Franklin Avenue, Suite 225
                   Garden City, NY 11530

For Movants:       Andrew J. Weinstein, Esq.
                   Weinstein & Mazurek PLLC
                   521 Fifth Avenue, Suite 3300
                   New York, NY 10175-3399

SEYBERT, District Judge:

          On February 13, 2009, this Court referred an application

by Local 46 Metallic Lathers Union and Reinforcing Iron Workers

("Local 46" or "the Union"), joined in by the Building, Concrete,

Excavating & Common Laborers Union Local 731 and its associated

benefits funds ("Local 731") and the Cement & Concrete Workers and

its associated benefits funds ("CCW") (collectively, "the Funds")

for restitution pursuant to the Mandatory Victims Restitution Act

of 1996 to Magistrate Judge William D. Wall to report and recommend

as to whether the motion should be granted.

          On April 27, 2009, Judge wall issued a Report and

Recommendation ("R&R") recommending that the Court deny the Funds' application for restitution on the grounds that the Funds were not directly and proximately harmed as a result of the commission of the offense to which Defendant Charles Doherty pled guilty. For the reasons stated below, the Court ADOPTS Magistrate Judge Wall's R&R in its entirety and DENIES the Union's application for restitution.

## DISCUSSION

I. <u>Standard of Review</u>

Pursuant to 18 U.S.C. § 3664(d)(6), the Court "may refer any issue arising in connection with a proposed order of restitution to a magistrate judge . . . for proposed findings of fact and recommendations as to disposition, subject to a de novo determination of the issue by the court." Thus, the Court conducts a de novo review of the R&R issued by Magistrate Judge Wall.

II. <u>Mandatory Victims Restitution Act</u>

The Mandatory Victims Restitution Act ("MVRA") requires a sentencing Court to "order . . . that [a] defendant make restitution to the victim" of certain crimes. 18 U.S.C. § 3663A(a). "The primary purpose of the MVRA is to make victims of crime whole by fully compensating them for their losses." <u>United States v. Scott</u>, No. 08-CR-1489, 2009 U.S. App. LEXIS 7853, at *2 (2d Cir. Apr. 14, 2009).

III. <u>The Funds' Claims</u>

On September 12, 2005, Defendant Charles Doherty ("Doherty") entered a plea of guilty to a single count of violating 18 U.S.C. § 1956(h), a conspiracy to launder money in violation of 18 U.S.C. § 1956, and on February 13, 2009, this Court sentenced Doherty on that count.

Defendant Doherty served as the President of United States Rebar, Inc. ("Rebar"), a company in the business of bending, placing and installing rebar on union job-sites at heavy construction and building projects. The Union maintains that Rebar was a party to collective bargaining agreements that specified certain benefit and dues payments that had to be made to the unions' funds for every hour worked by every union employee. The Funds maintain that Doherty paid the Rebar employees' weekly wages and benefits "directly in cash, off the books, in order to evade the required benefit contributions." (Funds' mot. 6). Doherty cashed Rebar checks to "fictitious vendors" and presented such checks to Joseph Castello ("Castello"), who converted the checks to cash. The Funds argue that this "scheme had the effect of avoiding significant benefit contributions mandated by the applicable [collective bargaining agreements] and defrauding union benefit funds of vast sums due and owing." (<u>Id.</u> P. 7.) On December 20, 2007, the Funds filed a motion to compel restitution in the amount of $2,045,419.20.

A.    <u>The Funds are not Victims Under the MVRA</u>

The MVRA defines a victim as a

> person directly and proximately harmed as a
> result of the commission of an offense for
> which restitution may be ordered including, in
> the case of an offense that involves as an
> element a scheme, conspiracy, or pattern of
> criminal activity, any person directly harmed
> by the defendant's criminal conduct in the
> course of the scheme, conspiracy, or pattern."

18 U.S.C. § 3663A.

Here, Defendant Doherty pled guilty to one count of violating 18 U.S.C. § 1956(h), a conspiracy to launder money in violation of 18 U.S.C. § 1956. Thus, a person may be entitled to restitution only if he or she was directly and proximately harmed as a result of Doherty's conspiracy to launder money. To determine who the victims are of Doherty's offense, the Court must first delve into an analysis of the underlying crime for which Doherty has entered a plea of guilty.

The money laundering statute states, in pertinent part,

> Whoever, knowing that the property involved in
> a financial transaction represents the
> proceeds of some form of unlawful activity,
> conducts or attempts to conduct such a
> financial transaction which in fact involves
> the proceeds of specified unlawful activity--
> (A) (i) with the intent to promote the
>         carrying on of specified unlawful
>         activity; or
>     (ii) with intent to engage in
>         conduct constituting a violation of
>         section 7201 or 7206 of the Internal
>         Revenue Code of 1986 [26 USCS § 7201
>         or 7206]; or
> (B) knowing that the transaction is designed

in whole or in part–

> (i) to conceal or disguise the nature,
> the location, the source, the ownership,
> or the control of the proceeds of
> specified unlawful activity; or
> (ii) to avoid a transaction reporting
> requirement under State or Federal law,

shall be sentenced to a fine . . . ."

18 U. S.C. § 1956.

The conspiracy provision subjects "[a]ny person who conspires to commit any offense defined in this section . . . to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." 18 U.S.C. § 1956(h).

Magistrate Judge Wall found, and the parties do not dispute, that the specific unlawful activity which Doherty engaged in was the uttering of false checks. However, the parties diverge on what "financial transaction" Doherty conducted with the proceeds of the unlawful activity. Magistrate Judge Wall found that the financial transaction was complete when Doherty converted the checks to cash, which Doherty received directly from Castello. The Court agrees. The money laundering crime was complete when Castello hand-delivered cash to Doherty. At that point, Doherty, conducted a financial transaction by converting checks into cash, and that financial transaction involved the proceeds of an unlawful activity, i.e., forged checks.

The Court rejects the Funds' argument that the financial

transaction involved in the money laundering conspiracy was Doherty's payment of cash to his workers with the proceeds of the forged checks. It may be true that Doherty engaged in a broader scheme involving the payment of cash to his employees to avoid certain responsibilities; however, that is not the specific count for which Doherty pled guilty. Doherty pled guilty solely to one count of conspiracy to launder money, a count for which the underlying crime involved the conversion of fraudulent checks to cash with the intent to carry on the unlawful activity of utilizing forged checks. Doherty did not enter a plea of guilty for the separate and broader scheme of paying workers in cash to avoid certain responsibilities, a crime that the Government has agreed it will not pursue.

Because the underlying crime was completed upon the receipt of cash from the fraudulent checks, the Funds cannot be a victim under the MVRA. While the Funds may have been the unfortunate victims of one of Doherty's uncharged crimes or of a broader, uncharged scheme, the Court is constrained by the MVRA and is not authorized to provide restitution for "conduct outside the scope of that conspiracy" for which Doherty entered a plea of guilty "merely because the conspiracy itself might be a portion of a broader uncharged personal scheme of one of the conspirators." United States v. Donaghy, 570 F. Supp. 2d 411, 428 (E.D.N.Y. 2008). Thus, the Court finds that the Funds did not suffer direct and

proximate harm from the crime for which Doherty entered a plea of guilty, and therefore declines to award the Funds restitution.[1]

CONCLUSION

For the reasons stated above, the Court AFFIRMS Magistrate Judge Wall's Report and Recommendation in its entirety, and DENIES the Funds' motion to compel the payment of restitution.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     Central Islip, New York
           May  7, 2009

---

[1] The Court has considered and rejects Doherty's argument that the Funds lack standing to file objections to the R&R. The Court agrees that victims have a limited voice, and lack standing under the MVRA to challenge or appeal a district court's ruling with respect to restitution. See Rendon Galvis v. Murillo-Bejerano, 2009 U.S. App. LEXIS 8815 (2d Cir. Apr. 27, 2009). Victims, or persons seeking victim status, are given "a voice, not a veto." United States v. Rubin, 558 F. Supp. 2d 411, 418 (E.D.N.Y. 2008). However, here, the Court has not yet made a ruling. The Magistrate Judge has made a recommendation, and the Funds are voicing their opinion as to whether the Court should adopt the Recommendation. Thus, the Court has fully considered the Funds' objections to the R&R.